IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-232-BO

| | | |
|---|---|---|
| GRAHAM KEITH HARDIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RYAN FUQUA and | ) | |
| CITY OF LUMBERTON, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on defendants' motions to dismiss plaintiff's original and amended complaints. Plaintiff has responded and the time for filing a reply has expired. In this posture, the motions are ripe for ruling. For the reasons that follow, the motion to dismiss the original complaint is denied as moot and the motion to dismiss the amended complaint and granted in part and denied in part.

BACKGROUND

Plaintiff initiated this action by filing a complaint on November 25, 2020. The matter was subsequently stayed while defendant Fuqua completed overseas United States Army military deployment, and the stay was lifted on October 18, 2021. Defendants then moved to dismiss the complaint after which plaintiff filed an amended complaint. As an amended complaint supersedes the original complaint, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), the motion to dismiss the original complaint [DE 19] is DENIED AS MOOT.

In his amended complaint, plaintiff alleges as follows. On April 20, 2020, plaintiff called 911 to report excessively loud music coming from a car or cars at a carwash next to his home in Lumberton, North Carolina. Defendant Fuqua, a Lumberton police officer, responded to plaintiff's

call. Plaintiff alleges that Fuqua was angry at plaintiff for having reported the noise and that Fuqua, without a warrant and in retaliation for plaintiff's 911 call, arrested plaintiff at his home for misdemeanor misuse of the 911 system in violation of N.C. Gen. Stat. § 14-111.4.

While Fuqua was putting plaintiff, who was in handcuffs, into the patrol vehicle, plaintiff fell and injured himself due in whole or in part to Fuqua's actions or inactions. After plaintiff fell, Fuqua roughly brought plaintiff up off the ground and roughly put him in the patrol vehicle, causing plaintiff pain and ignoring plaintiff's pleas to stop treating him roughly due to plaintiff's underlying physical disabilities.

Plaintiff was transported to the jail and released on bond. On October 1, 2020, plaintiff was tried before the Court of General Justice, District Court Division, and was acquitted. The presiding judge announced that because excessive noise is a crime in Lumberton, citizens have the right to call 911 to report noise ordinance violations. At the trial immediately prior to plaintiff's trial, the presiding judge dismissed another case where the defendant was the subject of a warrantless misdemeanor arrest by Fuqua.

Plaintiff has alleged that Fuqua violated his First Amendment right to freedom of speech and to petition the government for redress of grievances; his Fourth Amendment right to be free from unreasonable seizure due to the lack of probable cause and/or exigent circumstances in violation of *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984) and/or Fuqua's use of excessive force; that the City of Lumberton has failed to adopt policies and procedures and/or to supervise its police officers to ensure that citizens' rights are not violated (*Monell* claim); as well as state law claims for false arrest, malicious prosecution, and negligence against the City of Lumberton.

2

Case 7:20-cv-00232-BO   Document 30   Filed 04/08/22   Page 2 of 9

## DISCUSSION

Defendants have moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

A. Federal claims

Plaintiff brings four claims under 42 U.S.C. § 1983 for violation of his rights under the United States Constitution. Fuqua has argued that he is qualifiedly immune from plaintiff's § 1983 claims and that plaintiff otherwise fails to state a claim.

Qualified immunity shields government officials from liability for statutory or constitutional violations so long as they can reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). A court employs a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). A court may exercise its discretion to decide which step of the analysis to decide first based on the circumstances presented. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

3

*(1) First Amendment*

Plaintiff alleges that Fuqua violated his First Amendment rights when he arrested plaintiff in retaliation for having reported an active violation of the Lumberton noise ordinance. The First Amendment "'prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). In order to establish retaliation in violation of the First Amendment, a plaintiff must show that he engaged in protected speech, that the retaliatory action adversely affected his protected speech, and that there is a causal connection between the speech and the defendant's retaliatory action. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000). The defendant's "retaliatory animus" must be the "but for cause" of plaintiff's injury. *Nieves*, 139 S. Ct. at 1722.

In their motion to dismiss, defendants argue only that plaintiff has failed to allege the underlying speech and grievance was true and that he was arrested only because of Fuqua's retaliatory motive. The amended complaint does, however, allege that plaintiff truthfully reported the noise on his 911 call and that, as Fuqua testified at plaintiff's criminal trial, Fuqua arrested plaintiff's because of plaintiff's 911 call. Amd. Compl. §§ 13, 20. As the Court has found that plaintiff has sufficiently alleged his First Amendment claim, and there has been no argument that the right to be free from retaliation in violation of the First Amendment was not clearly established at the time Fuqua arrested plaintiff, the Court declines to hold at this stage that Fuqua is entitled to qualified immunity.

*(2) Fourth Amendment*

Plaintiff next alleges that his Fourth Amendment rights were violated when he was subjected to an unlawful warrantless arrest and was subjected to excessive force.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). In support of the motion to dismiss, defendants have filed, as a public record, the magistrate's determination that probable cause existed to arrest plaintiff. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (court may consider matter of public record without converting Rule 12(b)(6) motion to one for summary judgment).

Plaintiff has also alleged that he was arrested at his home. Though his allegation lacks detail, a warrantless arrest in an individual's home, which includes the surrounding curtilage, violates the Fourth Amendment unless exigent circumstances or consent is present. *Donovan v. Dewey*, 452 U.S. 594, 599 n.6 (1981); *United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985). This is true even if an officer has probable cause. *Collins v. Virginia*, 138 S. Ct. 1663, 1672 (2018). Although the recital of this cause of action is not robust, it is not, as defendants argue, threadbare. Fuqua has not argued that plaintiff's Fourth Amendment right to be free from warrantless arrest on a misdemeanor offense within his home or its curtilage was not clearly established at the time of plaintiff's arrest, and the Court will thus defer its ruling on qualified immunity as to this claim and allow it to proceed.

*(3) Excessive force*

Plaintiff further alleges that Fuqua used excessive force when effecting plaintiff's arrest. Courts apply an objective reasonableness standard to determine whether the use of force by a police officer violated the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The reasonableness of the "force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. "In considering whether an officer

5

used reasonable force, a court must focus on the moment that the force is employed." *Henry*, 652 F.3d at 531.

Plaintiff has alleged that he is a disabled veteran and that, after falling and while still in handcuffs, Fuqua roughly picked plaintiff up off the ground and roughly put plaintiff in the patrol vehicle. Plaintiff further alleges that Fuqua continued to treat him roughly despite plaintiff's pleas to stop and that Fuqua's treatment caused plaintiff to experience pain and an exacerbation of his underlying physical disabilities.

The Court deems these allegations, which at this stage must be taken as true, sufficient to state an excessive force claim. As defendants have not argued that the right to be free from excessive force under these circumstances was not clearly established at the time of plaintiff's arrest, the Court will again defer a ruling on qualified immunity.

*(4)* Monell *claim*

Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-94 (1978), a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. Municipal liability only results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694.

Plaintiff alleges that the City of Lumberton has failed to adopt policies and procedures and/or to supervise its police officers to ensure they do not violate the Fourth Amendment rights of citizens. While the failure to train officers may rise to the level of a policy or custom for which a municipality may be liable under § 1983, *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003), plaintiff's allegations are insufficient to nudge his *Monell* claim against the city across the line from conceivable to plausible. For example, plaintiff has not alleged facts which would tend to

show that the City of Lumberton was on notice, either actual or constructive, that the police department's training program caused the violation of citizens' constitutional rights, *Connick v. Thompson*, 563 U.S. 51, 61 (2011), or that the failure to supervise officers has resulted in "a history of widespread abuse." *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). This claim is accordingly dismissed.

B. State law claims

*(1) Governmental immunity*

Defendants have raised the defense of governmental immunity in support of dismissal of plaintiff's state law claims. "In North Carolina, governmental immunity serves to protect a municipality, as well as its officers or employees who are sued in their official capacity, from suits arising from torts committed while the officers or employees are performing a governmental function." *Fullwood v. Barnes*, 250 N.C. App. 31, 37 (2016) (internal quotation and citation omitted). In North Carolina, it is "well-established that law enforcement constitutes a governmental function." *Sellers v. Rodriguez*, 149 N.C. App. 619, 623 (2002). A plaintiff must allege and ultimately prove that defendants have waived their immunity or otherwise consented to suit. *Id.*; *see also Fullwood*, 250 N.C. App. at 37. The failure to plead waiver of immunity or consent to suit is a failure to state a cognizable claim. *Id.*

Plaintiff has alleged that the City of Lumberton and Fuqua in his official capacity have waived governmental immunity by purchasing insurance pursuant to N.C. Gen. Stat. § 160A-485(a). This is sufficient at this stage of the proceeding, and dismissal pursuant to governmental immunity is not appropriate.

*(2) False arrest & malicious prosecution*

7

A false arrest under North Carolina law is one which is without legal authority. *Marlowe v. Piner*, 119 N.C. App. 125, 129 (1995). To prove malicious prosecution, "a plaintiff must show that the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." *Turner v. Thomas*, 369 N.C. 419, 425 (2016).

The magistrate's probable cause finding is a sufficient basis on which to dismiss these claims, as the existence of probable cause, determined just following plaintiff's warrantless arrest by a neutral and detached magistrate, precludes a finding of false arrest or malicious prosecution. *See Painter v. City of Mt. Holly*, 264 N.C. App. 249 (2019) (quoting *Adams v. City of Raleigh*, 245 N.C. App. 330, 338 (2016)). The probable cause finding is "presumed valid unless plaintiff presents 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'" *Beeson v. Palombo*, 220 N.C. App. 274, 279 (2012). Plaintiff's complaint falls short of this threshold and these claims are appropriately dismissed.[1]

*(4) Punitive damages*

"A punitive damages claim is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims." *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013). Accordingly, there is no need to dismiss any request for punitive damages.

C. Leave to amend

---

[1] Because the Court determines that plaintiff has failed it state a claim for false arrest or malicious prosecution, it need not consider whether Fuqua is entitled to public official immunity for these claims. *See Moore v. Evans*, 124 N.C. App. 35, 42 (1996).

Plaintiff requests leave to replead should the Court find one or more claims not sufficiently stated. Without, however, a proposed pleading, the Court cannot determine whether granting leave to amend would be futile. *See Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The request for leave to amend is therefore denied without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss the original complaint [DE 19] is DENIED AS MOOT and defendants' motion to dismiss the amended complaint [DE 27] is GRANTED IN PART AND DENIED IN PART. Plaintiff's *Monell*, false arrest, and malicious prosecution claims are DISMISSED. Plaintiff's remaining claims will proceed.

SO ORDERED, this __7__ day of April 2022.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE